**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

WILLIAM VINING,

      Plaintiff

v.   No. Civ. 08-419 LH/LFG

EDWARD J. TAYLOR,

      Defendant

**MEMORANDUM OPINION AND ORDER**

On September 28, 2009, Plaintiff William Vining ("Plaintiff") filed a Motion in Limine to Exclude Plaintiff's Driving While Intoxicated Convictions Pursuant to Rules 609, 401, 402, and 403 of the Rules of Evidence (Doc. 35). On September 30, 2009, Defendant Edward Taylor ("Defendant")[1] filed Defendant's Motion, and Memorandum in Support, of His Motion in Limine to Exclude Evidence of Any Allegations of Prior and Subsequent Bad Acts and Any Introduction of Evidence from Unrelated Cases or Claims Brought Against Defendant (Doc. 43). The Court, having reviewed the motions, briefs, relevant law, and otherwise being fully advised, finds that Plaintiff's and Defendant's motions in limine should be granted.

**I.   FACTUAL BACKGROUND**

This case arises from an altercation between Plaintiff and Defendant, an officer with the Albuquerque Police Department ("APD"), on the night of April 23-24, 2006. Plaintiff alleges in his Complaint (Doc. 1) that the following took place: Defendant, along with two other officers, were

---

[1]The complaint names the defendant as "Edward J. Taylor," although the parties have subsequently also referred to the defendant as "Edouard Taylor." The Court herein and in future orders will spell the defendant's name according to the complaint unless the parties otherwise request.

dispatched to Apartment C in an apartment complex in reference to a domestic violence report. After resolving the domestic violence dispute, Officer Taylor went to Apartment A, Plaintiff's residence, because of loud music emanating therefrom. Officer Taylor observed that Plaintiff's security door was closed, but the wooden door was open, and he could see Plaintiff lying on his mattress on the floor of the living room. Officer Taylor knocked and told Plaintiff to turn down his music, but Plaintiff did not respond because he was asleep. Officer Taylor and the other two officers then entered Plaintiff's residence without a warrant. Officer Taylor grabbed Plaintiff's feet to shake him awake. When Plaintiff awoke, Officer Taylor slammed him in the face with his open hand and continued to hit his face with closed fists numerous times. Plaintiff suffered physical injuries to his face and substantial emotional trauma. Plaintiff asserts that Defendant violated his Fourth and Fourteenth Amendment rights to be free from excessive force and unlawful detention and that Defendant committed the state torts of assault, battery, and false arrest and imprisonment.

Defendant denies many of these allegations and asserts in the Pretrial Order (Doc. 42) his version of events: Because the music coming from Apartment A was so loud, it was interfering with Defendant's investigation in Apartment C, so he went to Apartment A, knocked on the security door several times, and yelled out several times "Albuquerque Police Department." Through the open door, Defendant saw Plaintiff lying on a mattress, unmoving and unresponsive. Defendant, concerned that Plaintiff was injured, unconscious, or dead, entered the apartment to check on his welfare. Because Defendant could not tell whether or not Plaintiff was breathing, he bent down to shake Plaintiff's legs. When Plaintiff awoke, Defendant again identified himself as "Albuquerque Police." In response, Plaintiff stated, "fuck you," asked Defendant if he wanted to fight him, then stood up and approached Officer Taylor with both fists clenched. As Plaintiff walked towards Defendant, Defendant struck him in the forehead area, causing Plaintiff to fall on the mattress.

While on the mattress, Plaintiff continued to fight Defendant by placing his clenched fists in a "fighting stance." In defense, Defendant struck him three to four times using quick strikes to his face with a closed fist. Plaintiff then stopped his aggression by putting his arms down and rolling over onto his stomach. Defendant placed him in handcuffs and arrested him for committing assault on a police officer.

Prior to the incident in question, Plaintiff had been arrested numerous times and charged with various misdemeanors, some of which resulted in convictions or guilty pleas. On September 28, 2009, Plaintiff filed a motion in limine to exclude his Driving While Intoxicated ("DWI") convictions (Doc. 35). Plaintiff argues that the evidence is irrelevant to any claims or defenses and that any probative value of the convictions is outweighed by its unfairly prejudicial effect. In response, Defendant contends that evidence of Plaintiff's DWI convictions, as well as his entire criminal history, is relevant to Plaintiff's bias against law enforcement officers, and is thus admissible to use for impeachment. Defendant further argues that Plaintiff's criminal history demonstrates that he was not mentally or emotionally distressed by the single arrest in this case.[2]

On September 30, 2009, Defendant filed a similar motion in limine, requesting that the Court prohibit the Plaintiff from introducing evidence of internal affairs investigations, citizen complaints, and unrelated lawsuits or claims brought against Defendant. This evidence contains prior allegations of excessive force and of one specific incident wherein Defendant allegedly used excessive force on a subject who was "passed out." (*See* Order on Produc. of Docs. (Doc. 27) 5-6.). Defendant

---

[2] Plaintiff only sought to exclude the DWI charges in his motion and he has not had an opportunity to address the issue of the admissibility of the rest of his criminal history. Although the Court will not rule on this issue because Plaintiff has not yet moved to exclude it, the Court notes that the same analysis used herein to exclude Plaintiff's DWI convictions under Rules 403 and 404(b) likely applies to Plaintiff's entire criminal history.

argues that evidence of an officer's prior bad acts is not relevant to whether the officer's actions in this case were objectively reasonable, and that the Court should limit the scope of Plaintiff's case to the specific incident. Defendant asserts that the evidence is inadmissible because Plaintiff has had no previous or subsequent encounters with Defendant, Plaintiff has not brought a municipal liability claim, the evidence is improper character evidence under Rule 404 intended only to show bad character, and the evidence is substantially more prejudicial than probative. Plaintiff responds that the Honorable Judge Lorenzo F. Garcia ruled that portions of the internal affairs file were discoverable and relevant to Plaintiff's claims, so they should be admissible at trial. Plaintiff contends that Defendant's history of excessive force is relevant because it makes the objective reasonableness of Defendant's actions in this case less probable and because it demonstrates Defendant's malice and intent, which are elements of Plaintiff's §1983 claim for punitive damages. Finally, Plaintiff asserts that the probative value of the evidence outweighs its prejudicial effect.

## II.     STANDARDS

### A.     Rule 401

Federal Rule of Evidence 401 provides that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

### B.     Rule 402

Evidence that is irrelevant is inadmissible. Fed. R. Evid. 402.

### C.     Rule 403

The Court may exclude relevant evidence if its probative value is substantially outweighed by its unduly prejudicial effect. Fed. R. Evid. 403. The Court should exclude evidence only when necessary to protect the fairness of proceedings and so should "give the evidence its maximum

reasonable probative force and its minimum reasonable prejudicial value." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000) (internal quotation marks omitted).

    **D.**    **Rule 404**

Evidence of other crimes may not be offered to prove bad character or conformity with prior bad acts, but evidence of other crimes may be offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). There are four criteria for admission of evidence regarding other acts under Rule 404(b): 1) the evidence must be offered for a proper purpose; 2) the evidence must be relevant; 3) the evidence's probative value must not be substantially outweighed by its unfairly prejudicial value; and 4) the Court must give jury instructions on the purpose of the evidence if requested. *United States v. Fitzherbert*, 13 F.3d 340, 343 (10th Cir. 1993).

**III.**    **DISCUSSION**

    **A.**    **Plaintiff's Motion in Limine to Exclude Plaintiff's Driving While Intoxicated Convictions (Doc. 35)**

Plaintiff argues that his DWI convictions are irrelevant to the issue of whether Defendant used excessive force in unlawfully detaining him. Defendant counters that the DWI evidence may be used to impeach Plaintiff's testimony by showing his bias against law enforcement. Defendant cites *United States v. Abel*, 469 U.S. 45 (1984), for the proposition that impeachment of a witness to show bias is permissible under the Federal Rules of Evidence. The witness and the respondent in *Abel* were members of the Aryan Brotherhood, a gang that required its members to lie, cheat, steal, and murder to protect each other. *Id*. at 46. The prosecution in *Abel* was allowed to question the witness regarding his gang involvement because it demonstrated bias for the respondent; the witness's gang involvement proved that he was willing to lie for the respondent. *Id*. at 54-55. *Abel*,

however, does not stand for the broad proposition that criminal activity is admissible to prove a plaintiff's general bias against the police.

If the Court were to accept Defendant's argument that criminal history demonstrates a bias against law enforcement officers, then virtually every plaintiff's criminal history would be admissible to prove bias against law enforcement in nearly every claim against the police, in contravention of Rule 403 and 404(b)'s limitations. Indeed, the Tenth Circuit has indicated that bad acts evidence to prove bias is only admissible if there is a sufficient foundation to show that the probative value outweighs the prejudicial effect. *See United States v. Elkins*, 70 F.3d 81, 84 (10th Cir. 1995) (concluding that, in order to admit gang activity as proof of bias, government must prove that two involved parties were members of the same gang).

In this case, evidence of Plaintiff's prior DWI charges does not make Plaintiff's excessive force claim, unlawful detention claim, or state tort claims against Defendant any more or less likely as required by Rule 401. The evidence has very little, if any, probative value to the issue of whether Defendant exercised reasonable force in detaining Plaintiff or whether Defendant had probable cause to arrest him. Defendant has not shown that Plaintiff's DWI convictions or any of his other criminal acts involved any contact with Defendant. Nor is the police department that was involved in the prior interactions a Defendant in this lawsuit. *Compare Winderlin v. Kunz*, No. 2:08 CV 512 DN, 2009 WL 224486, at *3 (D.Utah Jan. 29, 2009) (finding that plaintiff's department of corrections records were not relevant to establishing plaintiff's motive for bringing suit, and thus not discoverable, where records would not show prior interactions between plaintiff and defendant officer or police department), *with Pittsley v. Warish*, 927 F.2d 3, 9-10 (1st Cir. 1991) (holding that district court properly admitted plaintiff's criminal charges to show plaintiff's motive and bias in bringing lawsuit where defendant officer was involved in prior criminal proceedings), *abrogation*

*on other grounds recognized by Martinez v. Cui*, 608 F.3d 54, 63 (1st Cir. 2010). Defendant has thus not established an adequate foundation to show that Plaintiff's criminal history is probative of his bias against Defendant.

Defendant additionally argues that Plaintiff's criminal history demonstrates that he was not mentally or emotionally distressed by the single arrest in this case. The Court concludes that this evidence is not sufficiently relevant to refute Plaintiff's damages claim because it does not minimize the emotional distress Plaintiff may have suffered from Defendant's alleged use of excessive force or unlawful detention of Plaintiff. Any probative nature of this evidence does not outweigh its substantially more prejudicial effect. *See Winderlin,* 2009 WL 224486, at *3 (noting that plaintiff's criminal history may have some relevance in calculating damages that result from a low earning capacity, but there are less invasive ways of establishing that plaintiff has been in prison than disclosing his prison records). Hearing of Plaintiff's prior DWI convictions might lead the jury to believe Plaintiff is a danger to the community and deserved to be arrested on the night in question based solely on past misconduct. Plaintiff's criminal history is extensive and even a limiting instruction might not suffice to prevent a jury from inferring wrongdoing in this case. For all the foregoing reasons, Plaintiff's motion is granted and all evidence of his prior DWI charges and convictions will be excluded.

      **B.**    **Defendant's Motion in Limine to Exclude Evidence of Any Allegations of Prior and Subsequent Bad Acts and Any Introduction of Evidence from Unrelated Cases or Claims Brought Against Defendant (Doc. 43)**

Defendant seeks to exclude under Rules 401, 403, and 404 evidence of prior or subsequent Internal Affairs investigations, citizen complaints, and unrelated lawsuits brought against him. Plaintiff argues that Defendant's history of other bad acts demonstrates a pattern of violent behavior in reaction to slight provocation and informs the material element of objective reasonableness.

As an initial matter, Plaintiff asserts that Judge Garcia has previously ruled that certain portions of Defendant's Internal Affairs file are relevant to the claims and defenses of the parties. Evidence need not be admissible, however, to be ruled discoverable. *Jackson v. Coach, Inc.*, No. 07-2128-JTM-DWB, 2008 WL 782635 at *3 (D.Kan. Mar. 20, 2008). *See also Teichgraeber v. Mem'l Union Corp. of Emporia State Univ.*, 932 F.Supp. 1263, 1265 (D.Kan. 1996) (defining evidence of reasonable relevance as evidence calculated to the discovery of admissible evidence). Judge Garcia's ruling applies only to the relevance of the evidence for discovery and does not compel the admission of the evidence at trial. This Court must still evaluate whether the evidence is relevant to Plaintiff's claims, whether the evidence is offered for a proper purpose under Rule 404(b), and whether the probative value of the evidence outweighs its prejudicial effect.

Plaintiff argues that evidence of Defendant's pattern of behavior is relevant because it demonstrates his habit of responding to slight provocation in an objectively unreasonable manner. The Court finds that this evidence amounts to improper character propensity evidence under Rule 404(b). The focus of the constitutional and state tort claims should be on the events of the night in question. *See Tanberg v. Sholtis*, 401 F.3d 1151, 1167-68 (10th Cir. 2005) (affirming trial court's exclusion under Rules 403 and 404(b) of evidence of other occasions when officer arrested persons without probable cause or used excessive force because evidence was unduly prejudicial and was irrelevant to objective constitutional standard and to assault and battery claims that require only proof of intent to perform actions). Plaintiff attempts to distinguish *Tanberg* by arguing that, unlike the plaintiff in *Tanberg*, Plaintiff here is not using the prior bad acts evidence to demonstrate intent, but rather to inform the objective reasonableness element of an excessive force claim. Any prior pattern of misconduct, however, does not inform whether Defendant's actions were objectively reasonable on the night in question. It is therefore not sufficiently probative of the issues in this

8

case. The Court thus finds the situation here indistinguishable from *Tanberg*.

Plaintiff alternatively argues that the evidence is relevant to Plaintiff's claim for punitive damages because Defendant's history of violence informs his intent in this case. Punitive damages are appropriate in a § 1983 case when the defendant's conduct was motivated by evil motive or intent or it involves reckless or callous indifference to the federally protected rights of others. *Wulf v. City of Wichita*, 883 F.2d 842, 867 (10th Cir. 1989). Although Defendant's prior conduct might be relevant to Plaintiff's punitive damages claim, the evidence is still subject to a Rule 403 balancing test to evaluate whether it is more prejudicial than probative. Evidence of Defendant's history of excessive force is highly prejudicial because it might invite the jury to infer excessive force on this occasion based on prior unrelated incidents. Further, allowing such testimony would create mini-trials within this trial on the merits of the prior accusations and would be a waste of time. The danger of unfair prejudice and confusion of the issues substantially outweighs the probative value of the evidence.

For all the foregoing reasons, Defendant's motion to exclude evidence of his other bad acts will be granted.

## IV.     CONCLUSION

Purely from the standpoint of fairness, it is counterintuitive to allow Plaintiff to introduce evidence of Defendant's bad acts without exposing his own criminal history to a credibility evaluation. The same argument applies equally to Defendant's attempt to introduce Plaintiff's history and exclude his own. For all reasons stated herein, the Court will exclude the evidence of both Plaintiff's and Defendant's past misconduct under Rules 401, 402, 403, and 404(b).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion in Limine to Exclude Plaintiff's Driving While Intoxicated Convictions Pursuant to Rules 609, 401, 402, and 403 of the Rules of Evidence (**Doc. 35**) is **GRANTED**; and

2. Defendant's Motion in Limine to Exclude Evidence of Any Allegations of Prior and Subsequent Bad Acts and Any Introduction of Evidence from Unrelated Cases or Claims Brought Against Defendant **(Doc. 43)** is **GRANTED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE